**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  24-427** |
| | : | |
| **ROBERT WOODS** | : | |

<u>**MEMORANDUM**</u>

**MURPHY, J.**                                                    **October 8, 2025**

      The prosecutor makes an informal, verbal plea offer to defense counsel.  Both lawyers know the offer is subject to the final approval of the prosecutor's boss and that any formal offer would be in writing.  Defense counsel brings this offer to his client, who likes the offer.  But before defense counsel can accept the offer on his client's behalf, defense counsel is removed as the client's representative.  Now unrepresented, but not proceeding *pro se*, the client cannot accept the offer even if he wants to.  The offer goes away, the client obtains a new attorney, and the prosecutor presents a different — but this time, formal and written — offer.  Can the client enforce the prosecutor's initial, verbal offer?

      This is the unusual situation in which we find ourselves.  Mr. Woods asks this court to order specific performance of the government's verbal offer and conduct an evidentiary hearing where counsel would testify about what was said.  The government opposes, maintaining the verbal offer was informal, incomplete, and made without actual or apparent authority because all offers are subject to approval by the United States Attorney and reduced to writing.  What's more, the government says, the proposed evidentiary hearing would impermissibly involve the court in the plea-bargaining process.  Perhaps due to the confusion that has arisen from this unusual situation, the government also asks this court to conduct a *Frye* colloquy to ensure Mr.

Woods was informed of the formal, written offer that remains on the table.  We held oral argument to discuss these motions and now conclude that the government has the sounder position.  Mr. Woods is not entitled to specific performance of the verbal plea offer and a *Frye* colloquy is unnecessary.

## I.    FACTUAL BACKGROUND

Defendant Robert Woods faces the following charges: (1) possession of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  DI 1-2.  Initially, Mr. Woods was represented by Zachary Parrish, Esq. of the Federal Community Defender Service for the Eastern District of Pennsylvania.  Following a *pro se* request from Mr. Woods (DI 19), we scheduled a hearing for June 27, 2025, to discuss purported issues with Mr. Parrish's representation.  DI 20.  On June 27, 2025 — and seemingly before our hearing occurred — Mr. Parrish, who was still representing Mr. Woods, engaged in plea negotiations with the government on Mr. Woods's behalf.  During these negotiations, the government made at least some aspects of a verbal plea offer to Mr. Parrish, which Mr. Parrish then conveyed to Mr. Woods.  But later that day, we decided to appoint new counsel to represent Mr. Woods and said as much to the parties.  DI 22.  Because Mr. Parrish was effectively removed as counsel for Mr. Woods, Mr. Woods was unrepresented and thus unable to accept or decline the offer.  Notably, this verbal offer — or whatever aspects of a verbal offer were conveyed — was never put in writing.  On July 28, 2025, Mr. Parrish was officially removed as counsel from this case and Jeremy H.G. Ibrahim, Esq. was appointed in his place.  DI 23.  Following the appointment of Mr.

Ibrahim as Mr. Woods's new counsel, the government presented a written plea offer.

Mr. Woods now asserts the government's written plea offer "is markedly different than the initial [verbal] plea offer." DI 30 at ¶ 2. Accordingly, he filed the instant motion for specific performance of the verbal offer, asking us to hold a hearing "to establish that the government conveyed an initial binding offer which Mr. Woods is prepared to accept." *Id.* at ¶ 3. Mr. Woods seeks a hearing in which Mr. Parrish would "testify as to the nature and substance of any plea discussions between the defendant and the government" so that we can determine whether, in the interests of fairness to Mr. Woods, to enforce the verbal plea offer. *Id.* at 3. In support, Mr. Woods cites *Santobello v. New York*, 404 U.S. 257 (1971), *U.S. v. Williams*, 510 F.3d 416 (3rd Cir. 2007), and *Cooper v. U.S.*, 594 F.2d 12 (4th Cir. 1979).

The government opposes Mr. Woods's motion. It distinguishes *Santobello* on the basis that, unlike the situation here, "the defendant and the prosecution entered into a formal plea agreement which resulted in a change of plea hearing." DI 34 at 5. The government next contrasts *Cooper* with the instant case, noting that *Cooper* involved a specific, unambiguous proposal made with apparent (and likely actual) authority, whereas the discussions here were (1) preliminary, without all the terms required for a formal agreement; (2) conducted with the understanding that any discussions were contingent upon approval of the United States Attorney; and (3) never memorialized in a formal written guilty plea agreement. *Id.* at 5-7. According to the government, as a matter of policy, all formal plea offers in the Eastern District of Pennsylvania are made in writing, with the approval of the United States Attorney. *Id.* at 7. To illustrate, the government attaches letters it sent to Mr. Parrish and Mr. Ibrahim, which state that "the government is willing to discuss a possible pretrial disposition of this matter, however, all

such discussions are contingent on the approval of the United States Attorney." DI 34-1 at 4, 6, 9, 11; DI 34-2 at 4. The government also asserts that Mr. Woods has no constitutional right to plea bargain. DI 34 at 6 (*citing Weatherford v. Bursey*, 429 U.S. 545, 560 (1977)).

From the government's perspective, Rule 11 of the Federal Rules of Criminal Procedure presents another basis for denying Mr. Woods's motion. DI 34 at 8 (*citing* Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions.")). Citing *United States v. Brown*, 595 F.3d 498, 520 (3d Cir. 2010), the government explains that Rule 11's prohibition on judicial participation in plea agreements serves to (1) diminish the likelihood of judicial coercion of a guilty plea; (2) maintain judicial impartiality; and (3) prevent a misleading impression of the judge's role in the proceedings. DI 34 at 8-9 (citation omitted). In its view, an evidentiary hearing that delves into the details of informal plea discussions between the government and defense counsel would violate Rule 11. *Id.* at 9. Hence, the government reasons, there is no permissible way to deliver defendant the relief he seeks.

On September 23, 2025, we held oral argument to discuss Mr. Woods's motion for specific performance, as well as the government's motion requesting a *Frye* colloquy to ensure that Mr. Woods was apprised of the written plea offer by the government (DI 28). *See Missouri v. Frye*, 566 U.S. 134 (2012). During the hearing, we asked Mr. Ibrahim whether he communicated the written offer to Mr. Woods, and Mr. Ibrahim confirmed that he had and that this offer was still under consideration. We were thus satisfied that no further colloquy was necessary to ensure Mr. Woods was apprised of the offer made to him and, in the order below,

4

we accordingly deny the government's motion for a *Frye* colloquy.  We now turn to Mr. Woods's motion for specific performance.

## II.     LEGAL STANDARD

Plea bargaining "is an essential component of the administration of justice."  *Santobello v. New York*, 404 U.S. 257, 260 (1971).  Moreover, "[a]lthough a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards."  *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989) (collecting cases).  The party seeking specific performance must demonstrate (1) there was an enforceable and valid contract; (2) the party substantially performed its part of the contract; and (3) both parties are able to perform.  *Marks & Sokolov, LLC v. McMinimee*, 571 F. Supp. 3d 447, 454-55 (E.D. Pa. 2021) (citation omitted).

While defendants do not possess an "absolute right to have a guilty plea accepted," the plea-bargaining process "presuppose[s] fairness in securing agreement between an accused and a prosecutor."  *Santobello*, 404 U.S. at 261-62 (citations omitted).  However, "[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest."  *Mabry v. Johnson*, 467 U.S. 504, 507 (1984), *abrogated on other grounds*, *Puckett v. United States*, 556 U.S. 129 (2009) (footnote omitted); *see also United States v. Gonzalez*, 918 F.2d 1129, 1133 (3d Cir. 1990) ("It is axiomatic that a plea agreement is neither binding nor enforceable until it is accepted in open court.").  In *Mabry*, the United States Supreme Court thus declined to find that the defendant had a constitutional right to have a plea bargain specifically enforced when he accepted that bargain from the

prosecutor.  *See Mabry*, 467 U.S. at 505-07.  Moreover, even if a defendant's plea is invalid, the

Constitution does not require, as a remedy for the invalid plea, specific performance of the

broken prosecutorial promise.  *See id.* at 510 n.11 (*citing Santobello*, 404 U.S. at 262-63); *see*

*also Kernan v. Cuero*, 583 U.S. 1, 8 (2017) (*citing Mabry*, 467 U.S. at 510-11 n.11).

Rule 11 of the Federal Rules of Criminal Procedure permits the government to negotiate

and reach a plea agreement with the defendant's attorney, or the defendant if the defendant is *pro*

*se*.  Fed. R. Crim. P. 11(c)(1).  However, the rule expressly states that "[t]he court must not

participate in these discussions."  *Id.*  The reasoning for this prohibition is simple: by precluding

the court from plea discussions, we maintain judicial impartiality and reduce the likelihood of a

judicially coerced guilty plea.  *See Brown*, 595 F.3d at 520 (citation omitted).

## III.    DISCUSSION

Mr. Woods is not entitled to specific performance of the verbal plea offer previously

made by the government.  Initially, and as both parties acknowledge, there was no agreement

between the parties.  The government made a verbal plea offer of some type to Mr. Parrish.

However, before Mr. Woods could accept this offer, Mr. Parrish was removed as his counsel, so

Mr. Woods never accepted it.  There was thus no offer and acceptance, let alone any

manifestation of assent by Mr. Woods and the government to the terms of the government's offer

nor consideration for that offer.  *See ATACS Corp. v. Trans World Commc'ns.*, 155 F.3d 659,

665-66 (3d Cir. 1998) (citations omitted).  Nor does Mr. Woods present a colorable promissory

estoppel argument, given (1) the government, as demonstrated by the letters sent to Mr. Parrish

and produced in the record before us, consistently represented that any verbal offer was subject

to final approval by the United States Attorney and that final offers must be reduced to writing;

6

and (2) Mr. Woods neither took action nor refrained from taking action in reliance upon the government's offer. *See Cauley v. Geisinger Clinic*, 2025 WL 1392089, *4 (3d Cir. 2025) (citation omitted). Accordingly, Mr. Woods fails to establish there was a valid and enforceable contract (or promise) — the first element of specific performance. *See Marks*, 571 F. Supp. 3d at 454-55 (citation omitted).

Notably, even where the prosecutor offers a plea bargain, the defendant communicates his acceptance of that bargain, and the prosecutor then withdraws the proposal upon the defendant's acceptance, the defendant still lacks a constitutional right to compel specific enforcement of that bargain. *See Mabry*, 467 U.S. at 510-11. In establishing this lack of a constitutional right to compel specific enforcement of a plea, the *Mabry* Court overruled *Cooper* — a case upon which Mr. Woods chiefly relies.[1] *See Mabry*, 467 U.S. at 506-07 n.2. Moreover, even if there were a contract between Mr. Woods and the government, it would be neither binding nor enforceable because it was never presented and accepted in open court. *See Gonzalez*, 918 F.2d at 1133. For these reasons, specific performance of the government's verbal plea offer is not warranted.

---

[1] *Santobello*, another case relied upon by Mr. Woods, is distinguishable. There, the defendant initially entered a guilty plea, in court, after the original prosecutor promised not to make a sentencing recommendation. A new prosecutor then took over and made a sentencing recommendation, prompting the defendant to unsuccessfully seek withdrawal of his plea. The Court remanded the case to the state courts for further consideration, including whether there should be specific performance of the plea agreement or a different remedy. *Santobello*, 404 U.S. at 258-60, 262-63. Here, Mr. Woods never entered a guilty plea in court, nor took any action (or inaction) in reliance upon a promise from the government.

Nor is *Williams* on point, as that case involved a request by the government for specific performance after the defendant breached the plea agreement entered in court. *See Williams*, 510 F.3d at 417, 427-28. Again, neither Mr. Woods nor the government breached any agreement.

Nor will we conduct an evidentiary hearing to uncover the details of the informal plea discussions between the government and Mr. Parrish.  To be sure, the logic of defendant's motion, followed to its end, would require this because there is currently no record of exactly what the verbal offer comprised.  But as explained above, the motion may be denied without reference to the specific terms of the verbal offer.  Further, we share the government's concern that such a hearing risks violating Rule 11 of the Federal Rules of Criminal Procedure.  By conducting an evidentiary hearing, during which we receive testimony from Mr. Parrish and the government concerning the details of the informal plea discussions, we would be impermissibly inserting ourselves into the plea-bargaining process at the risk of diminishing the impartiality of this court and the voluntariness of any derivative plea.  We need not take that risk.

## IV.    CONCLUSION

Mr. Woods's motion for specific performance of the verbal plea offer (DI 30) is denied, as is his request for an evidentiary hearing regarding the informal plea discussions between the government and Mr. Parrish.  The government's motion for a *Frye* colloquy (DI 28) also is denied, in light of the representation by Mr. Woods's current counsel at oral argument that he apprised Mr. Woods of the written plea offer.