**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 24-CR-427 JFM** |
| | : | |
| **ROBERT WOODS** | : | |

**DEFENDANT'S OMNIBUS SENTENCING MEMORANDUM AND REQUEST FOR A DOWNWARD VARIANCE FROM THE ADVISORY SENTENCING GUIDELINES**

COMES NOW, Robert Woods, by and through his attorney, Jeremy H. Gonzalez Ibrahim, and respectfully submits the following sentencing memorandum and request for a downward variance from the advisory sentencing guidelines for the reasons set forth below.

**CASE HISTORY**

On December 5, 2024, a grand jury in the Eastern District of Pennsylvania returned a three count Indictment charging Robert Woods with possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A)(i), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). A Notice of Forfeiture accompanied the Indictment. Mr. Woods entered into a plea agreement on October 29, 2025, wherein the government agreed to recommend a sentence of 84 months. However, Mr. Woods was free to argue for a variance.

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Mr. Woods has no objections to the presentence investigation report.

**ARGUMENT**

Mr. Woods respectfully requests that the Court grant a downward variance and sentence him to 60 months on Count 2, 1 month of Counts 1 and 3, to run concurrently, and a term of supervised release, for a total length of incarceration of 61 months. This sentence is a significant term, and accounts for the 3553(a) factors.

First, it should be noted that Mr. Woods pled guilty as opposed to an indictment by grand jury. The court system and government did not have to expend resources to prosecute a trial, as Mr. Woods' acceptance of responsibility is demonstrative of rehabilitation. The PSR notes there was "no information indicating the defendant impeded or obstructed justice." PSR para. 16. Indeed, he admitted his conduct upon his arrest. PSR para. 14. Further, Mr. Woods has been detained at FDC Philadelphia for over a year. In that time, he has not incurred any disciplinary infractions. PSR para. 10.

Mr. Woods asks the Court to consider that an unwritten offer, which was the subject of litigation before the Court, was to better terms than the offer formally made, in writing. The Court, in the Opinion denying the specific performance relief sought by Mr. Woods, recounted the series of unfortunate events that placed Mr. Woods in a disadvantaged negotiating position. The Court's reasoning is not challenged. However, the unwritten plea offer would have removed the mandatory minimum exposure. The removal of the 924(c) charge would have had a direct impact on Mr. Woods programming with the Bureau of prisons and his eligibility for early release programs. Other individuals who are similarly charged, yet have their 924(c) charges dismissed, do not face the same obstacles to rehabilitation and release. This circumstance has created a sentencing disparity that works against Mr. Woods.

It is well documented in the PSR that Mr. Woods had an "unstable and chaotic upbringing," where he grew up in in several foster homes where he was physically abused and under the care of the Philadelphia Department of Human Services. Drug abuse and exposure to violence further contributed to Mr. Woods' poor life circumstances. PSR para. 48 – 53, 66-68. The environment and life experiences of Mr. Woods have a clear connection to the current offenses. Mr. Woods asks that the Court consider these circumstances in assessing the degree of incarceration that is warranted.

As contemplated by 18 U.S.C. §3553(a), the Court, as it routinely does at sentencing, should consider the following factors in assessing what sentence is just and appropriate, to wit,

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:

Mr. Woods asks the Court to consider what he has stated above in applying the 3553(a) factors.

In addition, Mr. Woods is indigent and requests that the Court decline to order a fine. Mr. Woods understands that he is responsible for the special assessment in the amount of $300.00.

Mr. Woods also requests that the Court recommend to the Bureau of Prisons that he be designated to a facility that is close to Philadelphia, but that can also provide the treatment programs as discussed in the PSR for both drug abuse and mental health PSR para. 63-68. Specifically, As discussed in the Presentence Investigation Report, Mr. Woods' history of substance abuse, amenability to treatment, and mental health needs, support a recommendation from the Court that he be placed in the RDAP program. (The "Residential Drug Abuse Program (RDAP) is the Bureau's most intensive treatment program. Cognitive-Behavioral Therapy (CBT) is used in a modified therapeutic community model where offenders experience living in a pro-social community. Offenders live in a unit separate from the general population; they participate in half-day programming and half-day work, school, or vocational activities. RDAP is typically nine months in duration. The Bureau and National Institute on Drug Abuse combined funding and expertise to conduct a rigorous analysis of the Bureau's RDAP. Research findings demonstrated that RDAP participants are significantly less likely to recidivate and less likely to relapse to drug use than non-participants. The studies also suggest that the Bureau's RDAPs make a significant difference in the lives of offenders following their release from custody and return to the community."[1]

[1] https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp

**CONCLUSION**

A combined jail sentence of 61 months, a term of supervised release and treatment through the RDAP program and other treatment protocols, will satisfy the 3553(a) factors. The proposed sentencing package would also prepare Mr. Woods for eventual re-entry into society.

**WHEREFORE,** the defendant, Mr. Woods, prays that this Honorable Court consider the matters raised above at his sentencing on this Information.

Respectfully submitted,

___/s/_____________________
Jeremy H. Gonzalez Ibrahim

Date: February 2, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Defendant's Sentencing Memorandum and Request for a Downward Variance has been served via ECF and email upon:

Branwen McNabb O'Donnell
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street
Philadelphia, PA 19106

Megan A. Maier
Senior U.S. Probation Officer
Philadelphia, PA
Megan_Maier@paep.uscourts.gov

/s/________________________________
JEREMY H.G. IBRAHIM, ESQ.

Date: February 2, 2026