**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 24-427** |
| | : | |
| **ROBERT WOODS** | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Matthew T. Newcomer, Assistant United States Attorney, Deputy Chief, Economic Crimes, Asset Recovery and Financial Litigation Unit, and Branwen O'Donnell, Special Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On December 5, 2024, Robert Woods was charged in an Indictment with possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

2. The Indictment also contained two Notices of Forfeiture. Notice of Forfeiture 1 alleged that certain property is forfeitable, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of his violation of 18 U.S.C. §§ 924(c) and 922(g)(1) (Counts Two and Three).

Notice of Forfeiture 2 alleged that certain property is forfeitable, and pursuant to 21 U.S.C. § 853, as a result of the defendant's violations of 21 U.S.C. § 841(a)(1) (Count One).

The Notice of Forfeiture 2 also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. The defendant entered into a Guilty Plea Agreement whereby he agreed, inter alia, to plead guilty to Counts One through Three of the Indictment. The defendant further agreed not to contest forfeiture as set forth in the Notices of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

5. On October 28, 2025, the defendant pleaded guilty to Counts One through Three of the Indictment, pursuant to the Guilty Plea Agreement.

6. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally any firearms and ammunition involved in or used in the defendant's violation of 18 U.S.C. §§ 924(c) and 922(g)(1), as charged in Counts Two and Three of the Indictment.

Further, as a result of his guilty plea, the defendant is required, pursuant to 21 U.S.C. § 853, to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment.

7. Based upon the facts set forth at the defendant's plea hearing, and in the record as a whole, the government avers that the sum of $1,365 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Count One of the Indictment, and

that the government has established the requisite nexus between such property and the offenses. This amount represents the value of proceeds that the defendant obtained as a result of his commission of the violation of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), as charged in to Count One of the Indictment. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

8. The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $1,365.

9. Due to the defendant's acts or omissions, the $1,365 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met. Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court,

the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected $1,365 forfeiture money judgment.

10. Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the Guilty Plea Agreement, and in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two and Three of the Indictment, and that the government has established the requisite nexus between such property and such offense:

**a. One (1) CZ P-10C, 9mm Luger semi-automatic pistol, bearing serial number E060677, loaded with eleven (11) live rounds of ammunition,**

as a firearm and ammunition involved in or used in the offenses alleged in Counts Two and Three of the Indictment (hereinafter referred to as the "Subject Property").

11. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or Information submitted by the parties and accepted by the court as relevant and

reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

12. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel.

13. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

14. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

15. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 10 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Matthew T. Newcomer*
MATTHEW T. NEWCOMER
Assistant United States Attorney
Deputy Chief, Economic Crimes
Asset Recovery and Financial Litigation

/s Branwen O'Donnell
BRANWEN O'DONNELL
Assistant United States Attorney

Date: February 9, 2026

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 24-427** |
| | : | |
| **ROBERT WOODS** | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Robert Woods's guilty plea as to Count One of the Indictment, charging him intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (Count One), the defendant is required to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853.

Further, as a result of the defendant's guilty plea as to Count One of the Indictment, charging him intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (Count One), the defendant is required to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853..

2. All property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violations of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment; and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the defendant's violations of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment are forfeited to the United States.

3. All firearms and ammunition involved in or used in the defendant's violation of 18 U.S.C. §§ 924(c) and 922(g)(1), are forfeited to the United States.

4. The sum of $1,365 represents the value of property which constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the offenses charged in Counts One through Four of the Indictment.

5. The defendant shall forfeit to the United States $1,365 in proceeds that he obtained as a result of the violations of 21 U.S.C. § 841(a)(1), as charged in Counts One of the Indictment, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2).

6. A money judgment in the amount of $1,365 is hereby entered against the defendant.

7. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. The Court has determined, based on the facts set forth at the plea hearing, as well as those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is also subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two and Three of the Indictment, that

the government has established the requisite nexus between such property and such offense, and that the following property is forfeited to the United States:

a. **One (1) CZ P-10C, 9mm Luger semi-automatic pistol, bearing serial number E060677, loaded with eleven (11) live rounds of ammunition,**

as a firearm and ammunition involved in or used in the offense alleged in Counts Two and Three of the Indictment (hereinafter referred to as the "Subject Property").

9. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final, as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

11. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

12. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

13. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant

to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

14. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

15. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

16. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance

with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

17. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

18. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

19. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of ____________________, 2026.

______________________________________
**HONORABLE JOHN F. MURPHY**
**United States District Court Chief Judge**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

**Jeremy H.G. Ibrahim, Esquire**
LAW OFFICES OF JEREMY H. GONZALEZ IBRAHIM
P.O. BOX 1025
CHADDS FORD, PA 19317
USA
jeremyibrahim.esq@gmail.com
215-568-1943 *Counsel for Defendant Robert Woods*

/s Branwen O'Donnell
BRANWEN O'DONNELL
Assistant United States Attorney

Date: February 9, 2026