**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 24-427** |
| | : | |
| **ROBERT WOODS** | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Robert Woods's guilty plea as to Count One of the Indictment, charging him intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (Count One), the defendant is required to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853.

Further, as a result of the defendant's guilty plea as to Count One of the Indictment, charging him intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (Count One), the defendant is required to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853..

2. All property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violations of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment; and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the defendant's violations of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment are forfeited to the United States.

3. All firearms and ammunition involved in or used in the defendant's violation of 18 U.S.C. §§ 924(c) and 922(g)(1), are forfeited to the United States.

4. The sum of $1,365 represents the value of property which constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the offenses charged in Counts One through Four of the Indictment.

5. The defendant shall forfeit to the United States $1,365 in proceeds that he obtained as a result of the violations of 21 U.S.C. § 841(a)(1), as charged in Counts One of the Indictment, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2).

6. A money judgment in the amount of $1,365 is hereby entered against the defendant.

7. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. The Court has determined, based on the facts set forth at the plea hearing, as well as those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is also subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two and Three of the Indictment, that

the government has established the requisite nexus between such property and such offense, and that the following property is forfeited to the United States:

a. **One (1) CZ P-10C, 9mm Luger semi-automatic pistol, bearing serial number E060677, loaded with eleven (11) live rounds of ammunition,**

as a firearm and ammunition involved in or used in the offense alleged in Counts Two and Three of the Indictment (hereinafter referred to as the "Subject Property").

9. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final, as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

11. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

12. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

13. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant

to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

14. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

15. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

16. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance

with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

17. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

18. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

19. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this 11th day of February, 2026.

**HONORABLE JOHN F. MURPHY**
**United States District Court Chief Judge**